TRINETTE G. KENT (State Bar No. 222020)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Scott Myer

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| Scott Myer,<br><br>      Plaintiff,<br><br> vs.<br><br>Vital Recovery Services, LLC,<br><br>      Defendant. | Case No.: 2:15-cv-08782<br><br>**COMPLAINT FOR DAMAGES**<br><br>**FOR VIOLATIONS OF:**<br>  **1. THE FAIR DEBT COLLECTION PRACTICES ACT; AND**<br>  **2. THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Scott Myer (hereafter "Plaintiff"), by undersigned counsel, brings the following complaint against Vital Recovery Services, LLC (hereafter "Defendant") and alleges as follows:

## JURISDICTION

1. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.* ("Rosenthal Act").

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), Cal. Civ. Code 1788.30(f), 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and/or where Defendants transact business in this district.

## PARTIES

4. Plaintiff is an adult individual residing in Studio City, California, and is a "person" as defined by 47 U.S.C. § 153(39) and Cal Civ. Code § 1788.2(g).

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3), and is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

6. Defendant is a business entity located in Norcross, Georgia, and is a "person" as the term is defined by 47 U.S.C. § 153(39) and Cal Civ. Code § 1788.2(g).

7. Defendant uses instrumentalities of interstate commerce or the mails in a business the principle purpose of which is the collection of debts and/or regularly collects or attempts to collect debts owed or asserted to be owed to another, and is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

8. Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in the collection of consumer debts, and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

9. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to BMW Financial Services ("BMW"), the original creditor.

10. At some point in time, BMW utilized the services of Defendant in order to collect on the alleged debt.

11. Plaintiff's alleged obligation arises from a transaction in which property, services or money was acquired on credit primarily for personal, family or household purposes, is a "debt" as defined by 15 U.S.C. § 1692a(5), and is a "consumer debt" as defined by Cal. Civ. Code § 1788.2(f).

12. At all times mentioned herein where Defendant communicated with any person via telephone, such communication was done via Defendant's agent, representative or employee.

13. Within the past year, Plaintiff fulfilled a lease contract with BMW.

14. On or about January 16, 2015, BMW mailed Plaintiff a letter entitled "Notice and Invoice for Excess Wear and Tear", which showed a balance due of $872.00 on Plaintiff's account (the "debt").

15. Plaintiff wrote BMW on multiple occasions disputing the amount allegedly owed.

16. Upon information and belief, BMW submitted Plaintiff's account to Defendant for collection in early April of 2015.

17. On or about April 9, 2015, Vital began calling Plaintiff in an attempt to collect the debt.

18. In a letter dated April 17, 2015, BMW offered to settle Plaintiff's account for $610.40, provided that Plaintiff pay that amount by May 1, 2015.

19. On or about April 24, 2015, Plaintiff paid $610.40 directly to BMW.

20. In or around May 14, 2015, Plaintiff checked his online account with BMW and saw a balance still owing in the amount of $261.60.

21. On May 14, 2015, and again on June 6, 2014, Plaintiff wrote a letter to BMW requesting that the error be corrected.

22. Contemporaneously with these events and despite Plaintiff having earlier settled the account with BMW, Defendant continued to call Plaintiff at an annoying and harassing rate.

COMPLAINT FOR DAMAGES

23. On or about June 18, 2014, during a live conversation, Vital misrepresented that on April 24, 2015, Plaintiff's account had been credited by BMW in the amount of $261.60 and that Plaintiff still owed a balance due of $610.40.

24. The same day, Defendant faxed a letter to Plaintiff showing a balance due of $610.40.

25. Defendant's verbal and written statements were both erroneous and misleading, as Plaintiff's account at that time should have showed a zero balance.

26. On or about June 23, 2015, after having already spoken with Plaintiff and for no legitimate purpose, Defendant called Plaintiff's mother and stated that Plaintiff owed a debt.

27. On or about June 24, 2015, Plaintiff sent written notice to Defendant, disputing the amount owed, requesting verification of the alleged debt, and demanding that Defendant cease in any further collection attempts.

28. On July 2, 2015, Plaintiff received a letter from BMW releasing him from any further liabilities or deficiencies.

29. Despite being fully released from any alleged obligation owed to the original creditor, Defendant continued in its attempts to collect an invalid debt from Plaintiff.

# COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, *et seq.*

30. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

31. The FDCPA was passed in order to protect consumers from the use of abusive, deceptive and unfair debt collection practices and in order to eliminate such practices.

32. Defendant attempted to collect a debt from Plaintiff and engaged in "communications" as defined by 15 U.S.C. § 1692a(2).

33. Defendant's agent communicated with a person other than Plaintiff and identified his employer without being asked to do so, in violation of 15 U.S.C. § 1692b(1).

34. Defendant communicated with a person other than Plaintiff and stated that Plaintiff owes a debt, in violation of 15 U.S.C. § 1692b(2).

35. Defendant communicated with a person other than Plaintiff, Plaintiff's attorney, or a consumer-reporting agency regarding Plaintiff's alleged debt, in violation of 15 U.S.C. § 1692c(b).

36. Defendant engaged in conduct, the natural consequence of which was to harass, oppress, or abuse Plaintiff, in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

37. Defendant caused Plaintiff's phone to ring or engaged Plaintiff in telephone conversations repeatedly or continuously, with the intent to annoy, abuse and harass Plaintiff, in violation of 15 U.S.C. § 1692d(5).

38. Defendant used false, deceptive, or misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

39. Defendant misrepresented the character, amount or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A).

40. Defendant used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

41. Defendant attempted to collect an amount from Plaintiff that was unauthorized by agreement or law, in violation of 15 U.S.C. § 1692f(1).

42. Defendant failed to send Plaintiff written notice regarding the alleged debt within five (5) days after its initial communication with Plaintiff, in violation of 15 U.S.C. § 1692g(a).

43. The foregoing acts and/or omissions by Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

44. Plaintiff was harmed and is entitled to damages as a result of Defendant's violations.

# COUNT II

## VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788, *et seq.*

45. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

46. The Rosenthal Act was passed to prohibit debt collectors from engaging in unfair and deceptive acts and practices in the collection of consumer debts.

47. Defendant caused Plaintiff's telephone to ring repeatedly or continuously to annoy Plaintiff, in violation of Cal. Civ. Code § 1788.11(d).

48. Defendant communicated with Plaintiff with such frequency as to be unreasonable, constituting harassment, in violation of Cal. Civ. Code § 1788.11(e).

49. Defendant communicated with Plaintiff's family regarding the alleged consumer debt and for a purpose other than to locate the Plaintiff, in violation of Cal. Civ. Code § 1788.12(b).

50. Defendant did not comply with the provisions of 15 U.S.C. § 1692, *et seq.*, in violation of Cal. Civ. Code § 1788.17.

51. Plaintiff was harmed and is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant for:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

C. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

D. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

E. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civ. Code § 1788.30(c);

F. Punitive damages; and

G. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: November 10, 2015            TRINETTE G. KENT

By: /s/ Trinette G. Kent
Trinette G. Kent, Esq.
Lemberg Law, LLC
Attorney for Plaintiff, Scott Myer

COMPLAINT FOR DAMAGES